```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 14-960(DSD/JJK)
```

ECTG Limited, Trustwater,
Ltd., Trustwater USA, Inc.,
Edmond O'Reilly and
John Henry Brebbia,

    Plaintiffs,

v.                 **ORDER**

John F. O'Shaughnessy, Jr.,
Cheryl O'Shaughnessy, Gerald
O'Shaughnessy, Leparis D.
Young and Maureen O'Shaughnessy
Young, individually and as
Trustees of the Leparis D.
Young Revocable Trust, Maureen
O'Shaughnessy Young and Leparis
D. Young, as Trustees of the
Maureen O'Shaughnessy Young
Revocable Trust,

    Defendants.

  Stanley E. Siegel, Jr., Esq. and Nilan, Johnson & Lewis, PA, 120 South Sixth Street, Suite 400, Minneapolis, MN 55402, counsel for plaintiffs.

  Mark S. Enslin, Esq. and Lindquist & Vennum, PLLP, 80 South Eighth Street, Suite 4200, Minneapolis, MN 55402, counsel for defendants.

  This matter is before the court upon the motion to dismiss by defendants John F. O'Shaughnessy, Jr., Cheryl O'Shaughnessy, Gerald O'Shaughnessy, Leparis D. Young, and Maureen O'Shaughnessy Young.[1]

---

[1] The Youngs are named individually and as trustees of the Leparis D. Young Revocable Trust and the Maureen O'Shaughnessy Young Revocable Trust. See Am. Compl. ¶ 10.

Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

This business dispute arises from defendants' formation of a company allegedly using the proprietary and patented technology of plaintiffs ECTG Limited, Trustwater, Ltd., Trustwater USA, Inc.,[2] Edmond O'Reilly, and John Henry Brebbia.  Trustwater manufactures and sells machines that generate cleaning and sanitizing products for use in the healthcare and hospitality industries.  Am. Compl. ¶ 8.  Trustwater uses its "proprietary and patented" Electrical-chemical Activation (ECA) technology in its products.  Id.  In 2008, non-party O Investments, LLC became a minority shareholder in ECTG.  Id. ¶ 13; O'Shaughnessy Decl. Ex. A.  John and Cheryl O'Shaughnessy signed a Subscription and Shareholders Agreement (Agreement) on behalf of O Investments.  O'Shaughnessy Decl. Ex. A, at 1, 32.  The Agreement includes a forum selection clause identifying Irish courts as the exclusive venue for disputes arising out of the Agreement.  See id. § 10.14(b).  Consistent with the Agreement, John O'Shaughnessy was appointed to the ECTG board.

---

[2] ECTG is a holding company that does business as Trustwater. The court will refer to the entities collectively as Trustwater unless a finer distinction is required.

Am. Compl. ¶ 14; O'Shaughnessy Decl. Ex. A, § 9.4(a). Cheryl O'Shaughnessy became the Director of Communications/Public Relations of Trustwater USA. Am. Compl. ¶ 15.

In approximately 2010, defendants allegedly began conspiring to form a business that would compete with Trustwater by selling bottled cleaning products through retail establishments. Id. ¶¶ 30, 32. Plaintiffs allege that John and Cheryl O'Shaughnessy used the ECA technology to create the new business's products and that they recruited Trustwater employees to join them. Id. ¶¶ 30, 33, 45. Plaintiffs also allege that defendants usurped Trustwater business opportunities and diverted Trustwater funds to finance the new company. Id. ¶¶ 35-37, 39.

In December 2011, Cheryl O'Shaughnessy and others met with Gerald O'Shaughnessy - John O'Shaughnessy's brother - to discuss his possible investment in the new company. Id. ¶ 46. Defendants' investor presentation states that the new company had an "ECA experienced team" and that the company's product is based on "Trustwater™ technology." Id. ¶ 45. Plaintiffs allege that Gerald O'Shaughnessy ultimately invested in the new company. Id. ¶¶ 49-50.

On March 16, 2012, defendants formed Simple Science, LLC. Id. ¶ 55. Simple Science is registered with the Minnesota Secretary of State and lists John O'Shaughnessy as its manager. Id. John O'Shaughnessy resigned from the ECTG board on July 15, 2012. Id.

3

¶ 57.  Other Trustwater employees also joined Simple Science.  See id. ¶¶ 38, 41, 56.  In late 2013, Simple Science began selling hand sanitizer online and in grocery stores under the name CleanSmart. Id. ¶ 59.

In December 2013, John O'Shaughnessy, Leparis Young, and Maureen O'Shaughnessy Young filed suit in this court alleging that ECTG breached certain promissory notes underlying the Agreement. Id. ¶ 63.  Plaintiffs allege that the promissory note litigation was designed to "put [Trustwater] out of business." Id. ¶¶ 64, 84. In October 2014, John and Cheryl O'Shaughnessy and O Investments brought suit in Hennepin County, alleging that Trustwater USA and O'Reilly fraudulently induced them to enter into the Agreement. Bromen Decl. Ex. D.

On April 3, 2014, plaintiffs filed this suit.  On August 28, 2014, plaintiffs filed an amended complaint alleging breach of fiduciary duty, tortious interference with prospective advantage, and misappropriation of trade secrets against John and Cheryl O'Shaughnessy; civil conspiracy against all defendants; aiding and abetting breach of fiduciary duty against Leparis Young, Maureen O'Shaughnessy Young, and Gerald O'Shaughnessy; and prima facie tort against all defendants.[3]  Defendants move to dismiss the case under

---

[3] The parties agree that plaintiffs' claim for prima facie tort should be dismissed.

the Agreement's forum selection clause or, alternatively, to dismiss certain counts for failure to state a claim.

## DISCUSSION

### I. Standard

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6). Fed. R. Civ. P. 12(d). The court may, however, consider matters of public record and materials that are "necessarily embraced by the pleadings." Porous Media Corp. v.

Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). Here, the Agreement is embraced by pleadings and properly before the court.

## II. Forum Selection Clause

Defendants argue that this matter should be dismissed under the Agreement's forum selection clause, which provides that,

> [e]ach of the parties hereby submits to the exclusive jurisdiction of the Irish Courts for the purpose of any proceedings arising out of or in any way relating to the Agreement or any other proceedings in any way connected with the subject matter of the Agreement.

O'Shaughnessy Decl. Ex. A, § 10.14(b). Specifically, defendants argue that the proceedings arise out of the Agreement because plaintiffs would have no fiduciary duties absent the Agreement. Defendants further argue that John and Cheryl O'Shaughnessy are entitled to invoke the clause because they signed the Agreement on behalf of O Investments. The court is not persuaded. As an initial matter, none of the defendants are parties to the Agreement and, even if it could be invoked by John and Cheryl O'Shaughnessy, the Agreement still would not apply to the remaining defendants. Indeed, neither the Youngs nor Gerald O'Shaughnessy even argue that the forum selection clause applies to them. Additionally, even though John O'Shaughnessy's board membership is referenced in the Agreement, his fiduciary obligation arises out of his board position, not the Agreement. Likewise, Cheryl O'Shaughnessy's

fiduciary obligation arises out of her role as an officer of Trustwater, rather than out of the Agreement.[4] As a result, dismissal on this basis is not warranted.[5]

**III. Trade Secret Claim**

John and Cheryl O'Shaughnessy alternatively argue that the Minnesota Uniform Trade Secret Act (MUTSA) claim should be dismissed. To properly plead a MUTSA violation, plaintiffs must allege the existence of a trade secret and the improper acquisition, disclosure, or use of the trade secret. See Minn. Stat. § 325C.01 subd. 3; Electro-Craft Corp. v. Controlled Motion, Inc., 332 N.W.2d 890, 897 (Minn. 1983).

The O'Shaughnessys argue that this claim should be dismissed, first, because plaintiffs have not established the existence of a trade secret. The court disagrees. A trade secret is information that must (1) not be generally known or readily ascertainable, (2) derive independent economic value from its secrecy, and (3) be the subject of reasonable efforts to maintain its secrecy. See Minn. Stat. § 325C.01 subd. 5; Electro-Craft Corp., 332 N.W.2d at 899. Plaintiffs allege that (1) Trustwater uses "proprietary and patented [ECA] technology," Am. Compl. ¶ 8; (2) defendants,

---

[4] Because the court finds that the forum selection clause does not apply to this matter, it need not address whether John and Cheryl O'Shaughnessy are permitted to invoke the clause.

[5] The court further notes that defendants' position is inconsistent with their decision to file two other lawsuits, both of which arise more directly from the Agreement, in Minnesota.

unbeknownst to plaintiffs, devised a plan to "place Trustwater devices in [retail] stores," id. ¶¶ 30-31, 60; (3) defendants developed expertise relating to the ECA technology through their employment with Trustwater, id. ¶¶ 30, 33, 61; and (4) defendants, through Simple Science, sell products using ECA technology, id. ¶¶ 59-62. In other words, plaintiffs allege that the O'Shaughnessys used their insider status at Trustwater to gain access to the ECA technology and to start a new and competing company using that technology. Plaintiffs' allegations are sufficient to plead the existence of a trade secret under MUTSA.

The O'Shaughnessys also argue that the MUTSA claim fails because defendants do not allege that they misappropriated the alleged trade secrets. As noted, however, plaintiffs expressly allege misappropriation by asserting that the O'Shaughnessys used Trustwater's ECA technology to start a competing business. As a result, the MUTSA claim is adequately pleaded.

**IV. Aiding and Abetting and Conspiracy Claims**

Leparis Young, Maureen O'Shaughnessy Young, and Gerald O'Shaughnessy move to dismiss the aiding and abetting and civil conspiracy claims. To state a claim for aiding and abetting under Minnesota law, a plaintiff must allege (1) a primary actor committed a tort that caused injury to the plaintiff, (2) the aider and abettor knew that the primary actor's conduct constituted a tort, and (3) the aider and abettor substantially assisted or

encouraged the primary actor in committing the tort. Witzman v. Lehrman, Lehrman & Flom, 601 N.W.2d 179, 187 (Minn. 1999). Plaintiffs have sufficiently alleged aiding and abetting against Gerald O'Shaughnessy and the Youngs. As to O'Shaughnessy, plaintiffs allege that he was aware of the underlying tortious conduct and that he assisted that conduct by investing a substantial portion of the funds needed to start Simple Science. Am Compl. ¶¶ 44-50, 85. And as to the Youngs, plaintiffs allege that they sued ECTG for breach of promissory notes underlying their investment in ECTG for the purpose of putting Trustwater "out of business through default/liquidation." Id. ¶¶ 34, 63-66. These allegations are sufficient to allege a viable aiding and abetting claim.

The allegations also support plaintiffs' civil conspiracy claim. Civil conspiracy "involves a combination of persons to accomplish either an unlawful purpose or a lawful purpose by unlawful means." Anderson v. Douglas Cnty., 4 F.3d 574, 578 (8th Cir. 1993) (citing Harding v. Ohio Cas. Ins. Co., 41 N.W.2d 818, 824 (Minn. 1950)). "To establish a civil conspiracy, plaintiffs must show five elements: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy." In re TMJ Implants Prods. Liab. Litig., 113 F.3d

1484, 1498 (8th Cir. 1997). The complaint adequately sets forth the required elements. Plaintiffs allege that each of the five defendants played a part in planning and establishing a business to compete with Trustwater, using Trustwater's proprietary technology. Although the Youngs and Gerald O'Shaughnessy may have played lesser roles in doing so, the complaint directly implicates them in the scheme. As a result, dismissal of the conspiracy claim is not warranted.

## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that defendants' motion to dismiss [ECF No. 32] is denied.

Dated: November 25, 2014

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court